IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   CRIMINAL NO. 94-0067-WS |
| | ) |
| STEVEN JONES, | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

    This matter comes before the Court on defendant Steven Jones' Motion for Reconsideration (doc. 400).

    On February 27, 2015, the undersigned entered an Order (doc. 397) denying defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2). The February 27 Order explained that Jones' reliance on Amendment 782 to the U.S. Sentencing Guidelines was misplaced because that amendment did not alter his sentencing guideline range. In particular, the February 27 Order observed that, at Jones' original sentencing hearing conducted on October 14, 1994, Senior District Judge Hand adopted the Presentence Investigation Report in its entirety, including the finding in Paragraphs 12 and 17 of that report that Jones was involved with at least 75 kilograms of crack cocaine.[1] Prior to the November 1, 2014 effective date of Amendment 782, Jones' base offense level (as calculated using the drug quantity tables at U.S.S.G. § 2D1.1(1)) was 38. The insuperable problem confronting Jones in his recent motion practice is that Amendment 782 does not alter or affect the base offense level for offenses involving 75 kilograms or more of crack cocaine; to the contrary, even after retroactive application of Amendment 782, the base offense level for controlled substance distribution offenses involving 25.2 kilograms or more of crack cocaine remains fixed at 38.

---

[1] In the Report of Statement of Reasons, Judge Hand wrote, "The Court finds that the evidence presented at trial and a preponderance of the evidence supports the information contained in the presentence report, and is thereby adopted by the Court in its entirety."

Because Amendment 782 does not have the effect of lowering Jones' base offense level or reducing his calculated guidelines range, the February 27 Order reasoned, Jones is ineligible for a reduction under 18 U.S.C. § 3582(c)(2), as a matter of law.  Abundant binding authority dictates this result.  *See, e.g., United States v. Hippolyte*, 712 F.3d 535, 542 (11th Cir. 2013) ("Section 3582(c)(2) does not authorize a sentence reduction if a guidelines amendment does not have the effect of reducing the defendant's sentence."); *United States v. Berry*, 701 F.3d 374, 376 (11th Cir. 2012) ("[w]here a retroactively applicable guideline amendment … does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence") (citation omitted); *United States v. Glover*, 686 F.3d 1203, 1206 (11th Cir. 2012) ("So, the statutory provision, the Sentencing Commission's corresponding policy statement, and the commentary to that policy statement all make it clear that a court cannot use an amendment to reduce a sentence in a particular case unless that amendment ***actually lowers the guidelines in that case***.  It is that simple.") (emphasis added).  Because Jones has not identified a retroactively applicable guideline amendment that lowered the sentencing guideline range upon which his sentence was based, the February 27 Order concluded, he is ineligible for § 3582(c)(2) relief.

Jones now moves for reconsideration of the February 27 Order.  As grounds for reconsideration, Jones urges the Court to "revisit the drug quantity findings" made by Judge Hand more than two decades ago.  Jones theorizes that with more capable legal representation, coupled with Jones' fresh incentives to demonstrate a lower drug quantity in order to secure § 3582(c)(2) relief, he can now demonstrate that the Presentence Report's drug quantity findings adopted by Judge Hand in 1994 were erroneous.  The law is absolutely clear, however, that district courts may not substitute new, lower drug quantity findings for old, higher drug quantity findings in the context of adjudicating a § 3582(c)(2) motion.  *See, e.g., United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009) (in deciding a § 3582(c)(2) motion based on a guideline range that has been retroactively amended, "a district court may not reconsider any of its original sentencing determinations other than the provision subject to amendment"); U.S.S.G. § 1B1.10(b)(1) (in reducing a defendant's term of imprisonment under § 3582(c)(2), "the court shall substitute only the [new retroactive amendment] for the corresponding guideline provisions that were applied when the defendant was sentenced ***and shall leave all other guideline application decisions unaffected***") (emphasis added).  Simply put, federal courts "do not engage

in a *de novo* resentencing to determine whether the amendment has the effect of lowering the defendant's applicable guideline range." *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014) (citations and internal marks omitted).

As grounds for his request that this Court cast aside the drug quantity findings made at his original sentencing hearing and start anew, Jones relies on *United States v. Hamilton*, 715 F.3d 328 (11th Cir. 2013). In *Hamilton*, the sentencing court's original drug quantity findings were only that the defendant was accountable for "at least 1.5 kilograms of crack cocaine," without specifying how much crack cocaine in excess of that threshold was involved. 715 F.3d at 335-36. When the defendant moved for § 3582(c)(2) relief under Amendment 750, the district court denied the motion, apparently based on the assumption that the defendant was actually responsible for 12 kilograms of crack cocaine, even though no such finding of fact may have ever been made. The Eleventh Circuit vacated and remanded for the district court to "determine what drug quantity findings it made, either explicitly or implicitly, at Hamilton's original sentencing hearing." *Id.* at 340. If no findings beyond the "at least 1.5 kilograms of crack cocaine" were made at the original sentencing hearing, the Eleventh Circuit instructed, the district court "will need to examine the entire record before it at the time of the original sentencing to see if it can make any further findings that will resolve the issue of whether 8.4 kilograms or more of crack cocaine should be attributed to Hamilton." *Id.* In so ordering, the *Hamilton* panel expressly cautioned that the district court (i) "should not consider any evidence or materials beyond those that were before it at the time of the original sentence proceeding" and (ii) "may not enter any new finding that is inconsistent with a finding it made in the original sentence proceeding." *Id.*

Here, Jones is urging the Court to make new drug quantity findings that would directly contravene *Hamilton* in two respects. First, Jones does not point to any existing record evidence that was before Judge Hand at the original 1994 sentencing hearing, but instead apparently wants to present brand-new evidence. Second, Jones wants this Court to overrule, reject and discard Judge Hand's factual finding at the original sentencing hearing that Jones was accountable for more than 75 kilograms of crack cocaine, and instead substitute a lower number (preferably below 25.2 kilograms so that Jones could benefit from Amendment 782 and receive a § 3582(c)(2) modification to his sentence). Simply put, what Jones is requesting is forbidden by the unambiguous teachings of *Hamilton*. This Court can neither pretend that Judge Hand's drug

quantity finding does not exist nor reopen the record to consider whatever new evidence Jones might think is significant.

While the Court understands and appreciates Jones' stated concerns, neither § 3582(c)(2) nor the binding authority of *Hamilton* authorizes a district court to consider new facts and make new drug quantity findings inconsistent with those reached in the prior sentencing proceeding. Because of its narrowly circumscribed scope, § 3582(c)(2) may not be used as a vehicle for redoing sentencing hearings, erasing unfavorable judicial findings at sentencing, or correcting what a defendant contends to have been sentencing errors borne of inattentive legal representation. To put it plainly, Jones is stuck with the 75-kilogram finding made by Judge Hand. For that reason, and because Amendment 782 does not reduce defendant's guideline range, this Court is not empowered to reduce Jones' sentence under § 3582(c)(2). The Motion for Reconsideration (doc. 400) is **denied**. Furthermore, the Court hereby **certifies** that any appeal from this Order would be frivolous, given the well-settled legal principles articulated *supra*. Therefore, Jones will not be permitted to appeal *in forma pauperis*.

DONE and ORDERED this 2nd day of April, 2015.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE