IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN JONES, | ) |
| Petitioner, | ) ) ) |
| v. | ) CRIMINAL NO. 94-0067-WS ) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) |

**ORDER**

This matter comes before the Court on petitioner Steven Jones' *pro se* "Motion to Reopen Title 28 U.S.C. § 2255 Proceedings Pursuant to Rule 60(b)(4) and (6) of the Federal Rules of Civil Procedure" (doc. 412).

Following a jury trial in July 1994, Jones was convicted in this District Court of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846; possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1); and interstate transportation in aid of racketeering, in violation of 18 U.S.C. § 1952(a). At the sentencing hearing, Senior District Judge Hand found that Jones was involved with at least 75 kilograms of crack cocaine, and sentenced him to a term of life imprisonment. Jones' convictions and sentence were affirmed on direct appeal. In August 1997, Jones filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Judge Hand denied Jones' § 2255 Motion on the merits in December 1997, and entered a follow-up order denying a Certificate of Appealability ("COA") to Jones in February 1998. (*See* docs. 215, 218.) On July 20, 1998, the Eleventh Circuit likewise declined to issue a COA to Jones on any issue presented in his § 2255 Motion.

Now, two decades later, Jones moves "to reopen his previously denied request for a [C]ertificate of Appealability … during the Title 28 U.S.C. § 2255 proceedings." (Doc. 412, at 1.) As grounds for this request, Jones argues that, under the Supreme Court's recent decision in *Buck v. Davis*, "the district court decided whether to grant a COA without jurisdiction." (*Id.* at

7.)  This argument fundamentally misreads and misconstrues the cited Supreme Court ruling.  In *Buck v. Davis*, 137 S.Ct. 759, 197 L.Ed.2d 1 (2017), the Court reiterated the settled principle that "[u]ntil the prisoner secures a COA, the Court of Appeals may not rule on the merits of his case."  137 S.Ct. at 773.  Moreover, the *Buck* Court explained, "[w]hen a court of appeals sidesteps the COA process by first deciding the merits of an appeal, and then justifying its denial of a COA based on its adjudication of the actual merits, it is in essence deciding an appeal without jurisdiction."  *Id.* (citation and internal marks omitted).

Jones maintains that because Judge Hand decided the merits of his § 2255 Motion first, his subsequent COA determination "was decided in this case without jurisdiction and is therefore 'void.'" (Doc. 412, at 13.)  This argument is meritless on his face.  Judge Hand obviously had jurisdiction – and, indeed, the legal responsibility – to adjudicate both the merits of Jones' § 2255 Motion and, after Jones filed a notice of appeal, whether a COA should be issued.  Unlike at the appellate court level, which was the relevant court in *Buck*, a federal district court must always first decide the merits of an appeal, and then take up the propriety of a COA.  *See, e.g., Edwards v. United States*, 114 F.3d 1083 (11th Cir. 1997) ("District courts must treat notices of appeal filed by petitioners following a denial of either a section 2254 or a section 2255 petition as applications for COAs. … District courts must consider and rule upon the propriety of issuing the COA … before a request for a COA will be received or acted on by this court or a judge of this court.").  Simply put, Judge Hand followed well-settled rules and correctly applied the proper legal standard in denying Jones a COA.  He did not "sidestep the COA process" in any way, shape or form.  The scenario described in *Buck v. Davis* has no application here, and Jones' argument to the contrary is patently meritless.

For all of the foregoing reasons, the Court concludes that Jones' "Motion to Reopen Title 28 U.S.C. § 2255 Proceedings" (doc. 412) is due to be, and the same hereby is, **denied**.  To the extent that Jones may seek a Certificate of Appealability to appeal this ruling, or may wish to appeal *in forma pauperis*, those requests are both **denied** on the grounds that any appeal would be frivolous.

DONE and ORDERED this 2nd day of March, 2018.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE