# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL NO. 94-0067-WS |
| | ) |
| STEVEN JONES, | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

This matter comes before the Court on defendant Steven Jones' Motion for Reconsideration (doc. 436).

On April 2, 2019, the undersigned entered an Order (doc. 433) denying Jones' Motion for Sentence Reduction under the First Step Act (doc. 429). The April 2 Order explained that 18 U.S.C. § 3582(c) does not empower a defendant to relitigate drug quantity findings made at the original sentencing hearing. Because Jones' First Step Act Motion sought to do precisely that – namely, to have this Court overturn, erase or reject the sentencing court's finding that Jones was responsible for at least 75 kilograms of crack cocaine – the Motion was denied.

Now, Jones files a Motion to Reconsider in which he makes two assignments of error with respect to the April 2 Order. First, he argues that his First Step Act Motion was governed not by 18 U.S.C. § 3582(c)(2), but by 18 U.S.C. § 3582(c)(1)(B). The Court agrees; in fact, Jones' First Step Act Motion, like every other First Step Act motion that has been referred to the undersigned, was processed, considered and evaluated pursuant to § 3582(c)(1)(B).[1] No aspect

---

[1] In arguing that the April 2 Order is erroneous in this regard, Jones makes much of the fact that the AO 247 Form on which the April 2 Order was entered bears the title "Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)." This Court, like all other federal district courts, has been specifically requested by the United States Bureau of Prisons to utilize this AO 247 Form (which was originally devised to set forth rulings on certain retroactive U.S. Sentencing Guidelines amendments in recent years) to record decisions on First Step Act Motions. However, the undersigned has always deemed First Step Act Motions to be filed under 18 U.S.C. § 3582(c)(1)(B), which provides that a "court may modify an imposed term of imprisonment to the extent otherwise expressly determined by statute." *Id.* The (Continued)

of the April 2 Order's reasoning or result hinged on § 3582(c)(2); therefore, reconsideration is unnecessary, inappropriate and unavailable on this ground.

Second, Jones unveils a brand-new argument (not presented in his original First Step Act Motion) for why he contends he is entitled to relief. Motions to reconsider are not properly utilized to raise new, previously available arguments;[2] nonetheless, in its discretion, the Court will consider the argument on its merits. In particular, Jones seizes on language from the superseding indictment to insist that his case actually falls within the ambit of the First Step Act. He observes that he was convicted of Count One, which charged conspiracy to possess with intent to distribute "more than sixteen (16) kilograms of cocaine and of a mixture and substance containing a detectable amount of cocaine which contains cocaine base, commonly known as crack cocaine." Jones' argument is that because the superseding indictment did not "specify an amount of crack cocaine …, application of the First Step Act would effectively reduce Jones' statutory range to 0-20 years," regardless of the sentencing court's relevant conduct findings holding him accountable for at least 75 kilograms of crack cocaine. (Doc. 436, at 6.)[3] His

---

reference to subsection (c)(2) in the caption of the preprinted form had no bearing whatsoever on the analysis or conclusions presented in the April 2 Order. Jones cannot show otherwise.

[2] *See, e.g., Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5, 128 S.Ct. 2605, 171 L.Ed.2d 570 (2008) (motions to reconsider "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment") (citation omitted); *Mays v. United States Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997) ("a motion to reconsider should not be used by the parties to set forth new theories of law").

[3] As a threshold matter, Jones is incorrect in stating that Count One of the superseding indictment charged him with only a detectable quantity of crack cocaine; rather, on its face, the charging document's language charged him with more than 16 kilograms of cocaine and crack cocaine. Moreover, Jones does not dispute that Count One charged him with possessing with intent to distribute more than 16 kilograms of cocaine, which would give rise to the 10-life sentencing range under 21 U.S.C. § 841(b)(1)(A)(ii). Significantly, subsection (b)(1)(A)(ii) applies to offenses involving "5 kilograms or more of a mixture or substance containing a detectable amount of … cocaine." Crack cocaine is certainly such a mixture or substance. Again, Jones agrees that he was charged and convicted of conspiring to possess with intent to distribute more than 16 kilograms of cocaine (which, by statutory definition, includes mixtures and substances containing a detectable amount of cocaine, which crack cocaine would certainly qualify as being). His attempt to ignore the 16 kilograms of cocaine recited in Count One of the superseding indictment and to argue that Count One charged him with "no specific quantity" of any drug thus fails on its face.

position, then, is that the 10-life statutory sentencing range prescribed by 21 U.S.C. § 841(b)(1)(A), and pursuant to which he was sentenced, is inapplicable here and that his true statutory sentencing range was 0-20 years pursuant to § 841(b)(1)(C), because no quantity of crack cocaine was specified in the charging document.

Jones is certainly correct that the First Step Act retroactively applies certain reduced statutory penalties for crack cocaine offenses under the Fair Sentencing Act of 2010 (the "FSA") to "covered offenses" committed before August 3, 2010. In particular, Section 404(b) of the Act provides as follows: "A court that imposed a sentence for a covered offense may … impose a reduced sentence as if sections 2 and 3 of the [FSA] were in effect at the time the covered offense was committed." *Id.* Section 2 of the FSA increased the quantity of crack cocaine that triggered mandatory minimum penalties from 5 grams to 28 grams (for the 5 year minimum, 40 year maximum), and from 50 grams to 280 grams (for 10 year minimum, life maximum). The fundamental problem with Jones' argument is twofold. First, as noted in footnote 3, *supra*, Jones cannot discount, ignore, or strike through the 16 kilograms of cocaine with which he was charged in Count One, which is certainly enough to trigger the 10-life statutory sentencing scheme pursuant to which he was sentenced. Second, even if Jones' argument were accepted at face value, it nonetheless founders because Section 2 of the FSA did not change <u>anything</u> about the relevant statutory minimum and maximum sentences for offenses as to which no amount of crack cocaine was charged. Under Jones' theory of "no specific quantity," the relevant statutory minimum and maximum sentences he faced for Count One would be exactly the same in the pre-FSA world as they were in the post-FSA world. Simply put, nothing about the FSA would reduce the statutory minimum or maximum sentence to which Jones was exposed; therefore, retroactive application of Section 2 of the FSA cannot afford him any sentencing relief some 25 years after the fact. As in his original Motion, Jones' Motion for Reconsideration is seeking to litigate sentencing matters as to which the First Step Act and retroactive application of the FSA have no bearing or effect.

For all of the foregoing reasons, Jones' Motion for Reconsideration (doc. 436) is **denied**.

DONE and ORDERED this 9th day of April, 2019.

                                                  s/ WILLIAM H. STEELE
                                                  UNITED STATES DISTRICT JUDGE